**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Weiss & Moy PC, et al., | No. CV-21-01730-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| David Berg, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' motion to remand. (Doc. 34.) For the following reasons, the motion is granted.

## BACKGROUND

On September 7, 2021, Plaintiffs filed the complaint in Maricopa County Superior Court. (Doc. 1-3 at 9-20.) It named four sets of defendants—(1) David Berg and Camila Berg, a married couple; (2) Jason Bruno and Megan Bruno, a married couple; (3) Sherrets Bruno & Vogt, LLC; and (4) Vintner Group, LLC ("Vintner")—as well as various Doe individuals and entities. (*Id.* at 9.)

On October 12, 2021, two of the four sets of defendants—Jason Bruno, Megan Bruno, and Sherrets Bruno & Vogt LLC ("the Bruno Defendants")—filed a notice of removal. (Doc. 1.) It stated that "[a]s of the date of this Notice of Removal," the remaining two sets of defendants "have not been served, to Bruno Defendants' knowledge." (*Id.* ¶ 5.) Notably, although the notice stated that "[t]his Court has jurisdiction over this matter based upon diversity of citizenship" (*id.* ¶ 9), it did not properly allege the citizenship of

the parties (*id.* ¶ 7).

On November 22, 2021, this action was reassigned to the undersigned judge. (Doc. 18.)

On November 29, 2021, the Bruno Defendants filed a motion to dismiss certain counts of the complaint (Doc. 20) and an answer (Doc. 21). The motion to dismiss is now fully briefed. (Docs. 28, 30, 36.)

On December 1, 2021, the Court ordered the Bruno Defendants to file an amended notice of removal properly stating a jurisdictional basis for the action. (Doc. 22.)

On December 13, 2021, the Bruno Defendants filed an amended notice of removal. (Doc. 27.) In the amended notice, the Bruno Defendants properly alleged the citizenship of the parties. (*Id.* ¶¶ 8-10.) However, the Bruno Defendants also acknowledged that one of the defendants—Vintner—had been served on October 4, 2021, several days before the original removal notice was filed. (*Id.* at 2 n.1.) In a footnote, the Bruno Defendants provided an explanation for why they lacked subjective awareness of Vintner's status as a served party at the time they filed their original removal notice. (*Id.*) Nowhere in the amended notice did the Bruno Defendants assert whether Vintner consented to the removal effort.

On December 17, 2021, Plaintiffs filed the pending motion to remand. (Doc. 34.) That motion is now fully briefed. (Docs. 41, 42.)

On January 11, 2022, Plaintiffs and the Bruno Defendants filed a Rule 26(f) joint report. (Doc. 43.)

**DISCUSSION**

I.  Legal Standard

The procedure for removing a civil action from state court is set forth in at 28 U.S.C. § 1446, which provides that "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process,

pleadings, and orders served upon such defendant or defendants in such action." *Id.* § 1446(a). The notice "shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant." *Id.* § 1446(b)(1). Moreover, "[w]hen a civil action is removed solely under section 1441(a)"—such as, in this case, when the action is removed based on diversity jurisdiction—"all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A).

This final requirement, which has long been applied by the courts and which was codified in the statutory text in 2011,[1] is known as the "rule of unanimity." *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002). "Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties" or parties that have not been "properly joined and served in the action." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999). *See generally Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("[No] federal rule or statute specifically prescribe[s] a particular manner in which codefendants' joinder must be expressed. . . . [W]e conclude that the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. . . . We emphasize that [the] requirement that all codefendants 'join' in requesting removal remains binding . . . [but] interpret that requirement as met if, as here, one defendant avers that all defendants consent to removal.").

Meanwhile, the procedure for seeking the remand of an action to state court is set forth in 28 U.S.C. § 1447. As relevant here, it provides that "[a] motion to remand the case

---

[1] *See generally Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) ("While not codified until 2011, common law long required all defendants to consent to removal.").

- 3 -

on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." *Id.* § 1447(c).

II. The Parties' Arguments

Plaintiffs argue that "[t]he Bruno Defendants failed to meet the rule of unanimity" because they "have not affirmatively alleged that [Vintner] consented to the removal nor have they explained affirmatively the absence of [Vintner's] consent." (Doc. 34 at 2-3.)

In response, the Bruno Defendants advance two arguments. (Doc. 41.) First, the Bruno Defendants argue that Plaintiffs waived the right to seek remand because Plaintiffs were required, under § 1447(c), to make any such request within 30 days of when the original removal notice was filed. (*Id.* at 3-5.) According to the Bruno Defendants, application of this 30-day deadline is particularly appropriate here because Plaintiffs were aware, at the time the original removal notice was filed, that Vintner had been served yet "inexplicably [lay] in wait to object to removal," thereby causing "an unnecessary drain on this Court's limited resources" by "requiring substantive motions to be fully briefed" in the interim. (*Id.*) Second, and alternatively, the Bruno Defendants argue that the original removal notice was valid under § 1446 because it provided an acceptable explanation for their failure to obtain Vintner's consent—their subjective unawareness of the fact that Vintner had already been served. (*Id.* at 5-6.) Finally, the Bruno Defendants also attach a January 3, 2022 declaration in which Mr. Bruno avows that he "reached out to David Berg via text message and phone over the past month, including to determine whether he, on behalf of [Vintner], consents to the removal of" this action but "Mr. Berg has not responded to [Mr. Bruno's] text, phone call, or the voice message [Mr. Bruno] left for him." (Doc. 41-1 ¶ 4.)

In reply, Plaintiffs argue that they did not waive their right to seek remand because "the time to file a motion to remand resets upon the filing of an amended removal notice"; that neither removal notice was valid; and that the declaration submitted with the Bruno Defendants' response is insufficient to cure the defects in the removal notices because it "is untimely and should not be considered." (Doc. 42 at 3-4.)

III. <u>Analysis</u>

The Court agrees with Plaintiffs that this matter must be remanded due to the Bruno Defendants' failure to comply with § 1446's "rule of unanimity." As an initial matter, there is no merit to the Bruno Defendants' contention that the removal notices were valid. The original notice did not properly allege the existence of diversity jurisdiction and the amended notice contained no information whatsoever about whether Vintner—a defendant that had clearly been served by the time the amended notice was filed—consented to the removal effort. Although the Bruno Defendants belatedly attempted, in their response to the motion to remand, to provide an explanation for the absence of this information in the amended notice of removal, Ninth Circuit law is clear that the explanation must be set forth in the removal notice itself. *See, e.g., Proctor*, 584 F.3d at 1225 ("One defendant's *timely removal notice* containing an averment of the other defendants' consent and signed by an attorney of record is sufficient.") (emphasis added); *Prize Frize*, 167 F.3d at 1266 ("Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants *in the notice for removal*.").

The explanation was also provided too late. In *Taylor v. Medtronic, Inc.*, 15 F.4th 148 (2d Cir. 2021), the Second Circuit encountered an analogous situation. There, the plaintiff brought a product liability action against five defendants in state court and four of the defendants filed a timely removal notice. *Id.* at 149. Although the removal notice stated that the fifth defendant, Covidien LP ("Covidien"), had not yet been served, this representation turned out to be inaccurate—Covidien had been served but, due to a "technical oversight," defense counsel overlooked the proof of service. *Id.* at 150. After the plaintiff filed a motion to remand, Covidien clarified that it consented to the removal by joining in its co-defendants' opposition to the remand motion. *Id.* The district court denied the motion to remand based on the proof of Covidien's consent, but the Second Circuit reversed, holding that "[w]here, as here, a properly served defendant fails to provide notice of consent to removal within the thirty-day statutory period [for removal], the

defendant cannot cure that failure by providing late consent." *Id.* at 151. Although the court acknowledged that the absence of timely proof of unanimous consent was due to a "mistaken understanding that [Covidien] had not yet been served," it emphasized that such a "mistake cannot be fixed with late consent," because "nothing in the statute provides a court with any discretion to allow a party to cure a failure to meet the statute's requirements once the thirty-day period for removal lapses." *Id.* at 153. Here, similarly, the Bruno Defendants were required by the letter of § 1446 to provide notice of unanimous consent in a notice of removal filed 30 days of when they were served with the state-court complaint (*i.e.,* by the end of October 2021, *see* Doc. 1 ¶¶ 3-4), although the Court later gave them an extension until December 8, 2021 to file a valid amended removal notice (Doc. 22). Because this was the very latest date by which the Bruno Defendants could provide notice of unanimous consent (or an explanation for the lack of unanimous consent), it follows that their filings of January 3, 2022 (Docs. 41, 41-1)—which represented their very first attempt to provide an explanation—came too late. Although this outcome may seem harsh, "[t]he burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize*, 167 F.3d at 1265.

Nor did Plaintiffs waive the right to seek remand. The operative notice of removal in this action is the amended notice of removal, filed on December 13, 2021, because the original notice of removal was plainly deficient and would have required remand *sua sponte*, were it not for the amendment. Plaintiffs filed their motion for remand four days after the amended notice of removal was filed. As such, Plaintiff's motion was timely under § 1447(c). *Williams v. Wal-Mart Stores, Inc.*, 534 F. Supp. 2d 1239, 1242 (M.D. Ala. 2008) ("Original and amended notices of removal constitute removal notices; indeed, Wal-Mart labeled both as such here. Therefore, with the filing of an amended removal notice, the 30-day period for filing a remand motion should, in general, begin again. (Of course, if a removing defendant wanted the 30-day clock for the filing of a remand motion not to restart, the defendant should make sure that its original notice of removal is adequate

and thus there would be no need to file an amended one.)").[2]  The Bruno Defendants do not cite any case supporting their argument to the contrary.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to remand (Doc. 34) is **granted**.  The Clerk of Court is directed to remand this action to Maricopa County Superior Court.

Dated this 13th day of January, 2022.

_____
Dominic W. Lanza
United States District Judge

---

[2] The Bruno Defendants argue that *Williams* is inapplicable because it did not "involve[] a court-required amended Notice of Removal." (Doc. 41 at 4.) But indeed, it did. "Although not mentioned in the [*Williams*] opinion, the court issued a *sua sponte* order requiring the removing defendants to file an amended notice of removal sufficiently alleging the citizenship of the parties." *Moore v. Miller*, 2016 WL 447152, *3 (M.D. La. 2016), *report and recommendation adopted,* 2016 WL 451353 (M.D. La. 2016).